**Jack W. REISS, Petitioner,**

v.

**REAL ESTATE COMMISSION of the District of Columbia, Respondent.**

No. 4241.

District of Columbia Court of Appeals.

Argued Sept. 9, 1968.

Decided Jan. 8, 1969.

Henry Lincoln Johnson, Jr., Washington, D.C., for petitioner.

Ted D. Kuemmerling, Assistant Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, and Hubert B. Pair, Principal Asst. Corp. Counsel, were on the brief, for respondent.

Before MYERS, KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

After a hearing before the Real Estate Commission of the District of Columbia, the real-estate salesman's license of petitioner was revoked for violating, among other provisions, D.C.Code 1961, § 45–1401.[1]

Petitioner and one Mitchell were licensed real-estate salesmen in the District employed by Catherine Cardoza, an officer-broker of the Century Mortage Company. This company was engaged in the business of selling mortgage notes and the refinancing of real estate.

The owners of certain real estate located in Virginia—one of whom lived in the District of Columbia—desiring to negotiate a loan on that property, engaged the services of Century Mortgage Company through Mitchell and agreed to pay a commission of twenty percent of the face value

1. D.C.Code 1961, § 45–1401 states:
   " * * * `[I]t shall be unlawful in the District of Columbia for any person * * * to act as a real-estate broker * * * without a license issued by the Real Estate Commission of the District of Columbia."
   A real-estate broker, as defined in D.C. Code 1961, § 45–1402, includes:

" * * * [one] who, for another and for a fee, commission * * * negotiates or offers or attempts or agrees to negotiate, a loan secured or to be secured by a mortgage, deed of trust, or other encumbrance upon or transfer of real estate, * * * "

of the loan if it were obtained. Mitchell contacted petitioner who agreed to negotiate the loan for a commission of ten percent of its face value.

Through petitioner's efforts, a group of Virginia investors agreed to lend the money to the owners provided that the loan would be secured by a first deed of trust. While waiting for the transaction to be consummated, a question arose between petitioner and the investors concerning the payment of the commission.[2] Petitioner objected to the entire commission being paid to Century because he did not trust Mitchell to split the commission with him. An authorization from the owners was then secured by petitioner, and he was paid his ten percent commission by the investors.

After the investors advanced $2,000 of the loan to the owners, it was discovered that misrepresentations had been made to the investors by petitioner concerning the existence of other deeds of trust upon the Virginia property, and the commitment to make the loan was withdrawn. This matter was brought to the attention of the respondent which took the action here complained of.

Petitioner's sole contention is that he was not acting in the capacity of a *District of Columbia* real-estate broker when he attempted to negotiate a loan with Virginia investors on property located in the State of Virginia.

The evidence clearly supports the Commission's findings that petitioner acted as a *District of Columbia* broker without a license. He was employed as a real-estate salesman of the officer-broker of Century Mortgage Company, a District of Columbia corporation, and he agreed with Mitchell, also a salesman for Century, to negotiate a loan on real estate owned by a District of Columbia resident who paid him a commission. This agreement with Mitchell was made in the District and was in violation of D.C.Code 1961, § 45–1401, supra note 1.

We have carefully examined the record and find that it supports the conclusions of the Commission.

Affirmed.

---

2. The investors were authorized by the owners to deduct the commission from the loan before payment to the owners.